IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WINIFRED MIDKIFF, *et al.*,
*on behalf of themselves and*
*all others similarly situated*,
Plaintiffs,

v. Civil No. 3:22cv417 (DJN)

THE ANTHEM COMPANIES, INC., *et al.*,
Defendants.

---

CHRISTINE LEARING,
*individually and on behalf of*
*all others similarly situated*,
Plaintiffs,

v. Civil No. 3:26cv266 (DJN)

THE ANTHEM COMPANIES, INC., *et al.*,
Defendants.

---

LEAH KNEPPAR,
*individually and on behalf of*
*all others similarly situated*,
Plaintiffs,

v. Civil No. 3:26cv268 (DJN)

THE ELEVANCE HEALTH COMPANIES INC.
f/k/a THE ANTHEM COMPANIES, INC.,
Defendant.

---

and

KATHY LANDIS,
*individually and on behalf of*
*all others similarly situated,*
Plaintiff,

v. Civil No. 3:26cv279 (DJN)

THE ELEVANCE HEALTH COMPANIES, INC.
f/k/a THE ANTHEM COMPANIES, INC.,
Defendant.

**ORDER**
**(Preliminarily Approving Class Action Settlement;**
**Finally Certifying FLSA Plaintiffs' Claims;**
**Scheduling Final Approval Hearing)**

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. (ECF No. 288 ("Motion").) Named Plaintiffs Winifred Midkiff, Ardaith Brown, Christine Learing, Leah Kneppar and Kathy Landis, on behalf of themselves, the FLSA Opt-in Plaintiffs, and the state law settlement classes (collectively, "Plaintiffs"), have entered into a settlement agreement (ECF No. 290-1) with Defendant The Elevance Health Companies, Inc. (f/k/a The Anthem Companies, Inc.) ("Defendant" or "Elevance"), which is subject to review by the Court under Federal Rule of Civil Procedure 23(e) and 29 U.S.C. § 216(b). That agreement provides for Defendant to make a payment of $14,750,000 in settlement of all related claims.

Plaintiffs' Motion seeks (1) preliminarily approval of the settlement of the four related cases that have been consolidated to this Court for settlement approval purposes; (2) final FLSA certification of the FLSA Opt-in Plaintiffs' claims; (3) certification of the settlement classes; (4) appointment of Plaintiffs' counsel as class counsel; (5) appointment of ILYM Group, Inc., as settlement administrator; (6) approval of the proposed settlement notices; (7) a schedule of deadlines for Plaintiffs' motion for attorneys' fees, costs and service awards and Plaintiffs'

motion for final settlement approval; (8) a final approval hearing; and (9) the Court's retention of continuing jurisdiction to construe, interpret and enforce the provisions of the parties' settlement agreement and to hear and adjudicate any dispute or litigation arising from or related to the agreement or the issues asserted in these cases. (ECF No. 289 at 3.)

Having reviewed Plaintiffs' Motion along with the settlement agreement and the relevant exhibits, and having conducted a hearing in this matter on May 6, 2026, the Court finds substantial and efficient grounds to hereby GRANT Plaintiffs' Motion and ORDER the following:

1. For purposes of settlement, the Court permits the fourteen (14) named and FLSA Opt-in Plaintiffs from the *Lazaar* lawsuit, *Lazaar v. The Anthem Companies, Inc., et al.*, No. 1:22-cv-03075-JGLC (S.D.N.Y.), to join this matter and exercises jurisdiction over their claims.

2. Pursuant to 29 U.S.C. § 216(b), the Court grants final certification of all of the FLSA Opt-in Plaintiffs' FLSA claims.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court herby certifies the following state law settlement classes for the purposes of settlement only:

(a) *Learing*: All persons who work or worked at The Elevance Health Companies, Inc. (f/k/a The Anthem Companies, Inc.), or one of its subsidiaries (collectively, the "Elevance Health Companies") in the NMM I, II, or Senior or Medical Management Nurse ("MMN") job titles, or other similar job titles, who were paid a salary and treated as exempt from overtime laws and were primarily responsible for performing medical necessity reviews (collectively, "NMM Nurse Roles") in Minnesota, as well as NMM Leads who were paid a salary and classified as exempt,

from three years prior to the filing of the *Learing* complaint through June 3, 2024.

(b) *Midkiff*: Any individual who works or worked in any of the NMM Nurse Roles in Virginia at any time between July 1, 2021 and March 31, 2026.

(c) *Landis*: Any individual who works or worked in one of the NMM Nurse Roles in North Carolina at any time between January 17, 2021 and March 31, 2026.

(d) *Kneppar*: Any individual who works or worked in one of the NMM Nurse Roles in Maryland at any time between March 29, 2020 and March 31, 2026.

4. The Court finds, for settlement purposes only, that the requirements of Rule 23(a) and Rule 23(b)(3) continue to be satisfied for each of the previously certified state law settlement classes (*Midkiff*, *Learing* and *Landis*).

5. The Court further finds, for settlement purposes only, that the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied for the *Kneppar* state law settlement class.

6. The Court APPOINTS, for settlement purposes only, Leah Kneppar as a class representative of the *Kneppar* state law settlement class.

7. The Court APPOINTS, for settlement purposes only, Nichols Kaster, PLLP as class counsel of the *Kneppar* state law settlement class.

8. The Court finds, on a preliminary basis, that the settlement agreement, along with the plan for distribution of notice, is fair, reasonable, and adequate, and is likely to obtain final approval following notice to the settlement class members. Specifically, based on Plaintiffs' Motion, the Court finds that preliminary approval is warranted, because the class representatives and class counsel have adequately represented the class, and the proposed settlement was

negotiated at arms-length with the assistance of a well-respected mediator, United States Magistrate Judge Mark R. Colombell.

9. The Court further finds that the proposed relief provided is fair and reasonable, taking into account the costs, risks and delay of trial and appeal. The Court also finds that the proposed method of distribution supports preliminary approval, because it takes into account the claimed individual damages of each settlement class member, the state in which the settlement class members worked, the number of eligible weeks the settlement class member worked in the NMM Nurse Role, and other relevant factors, and because the proposed costs and service payments are likely to be found reasonable. The Court understands that prior to notice distribution, the allocations will continue to be refined and updated as additional data is provided by Elevance.

10. The Court finds that the settlement agreement, provided to the Court for review, treats settlement class members equitably relative to each other.

11. The Court APPROVES the settlement notices attached to Plaintiffs' filings.

12. The Court APPOINTS ILYM Group, Inc. as settlement administrator and directs that notice be distributed pursuant to the notice plan set forth in the settlement agreement, with the adjustment that objections need be sent only to the Court, not to the settlement administrator.

13. Each FLSA Opt-in Plaintiff may reject in writing his or her individual settlement offer and request a withdrawal of their opt-in consent form through a written exclusion request, as described in the proposed FLSA notice. Each member of the state law settlement class may provide a written request for exclusion, as described in the Rule 23 Notice. Any settling Plaintiff who is a member of a state law settlement class may object to the settlement by filing a written objection with the Court. All objections must be postmarked no later than July 25, 2026.

14. Plaintiffs' counsel shall file their motion for attorneys' fees, costs and service awards no later than July 13, 2026.

15. In support of their motion for attorneys' fees, Plaintiffs shall provide the Court with a detailed lodestar calculation. Plaintiffs shall employ Richmond attorney rates and shall refrain from including any hours that were double billed or block billed. As explained during the hearing, Plaintiffs shall submit a chart listing the attorneys who worked on the case, their status, their years of experience, their rates and the hours that they billed.

16. Plaintiffs' counsel shall file their unopposed motion for final settlement approval no later than August 10, 2026.

17. The Court will conduct a Final Approval Hearing on **August 20, 2026 at 11:00 a.m. in the Richmond Courthouse** to determine the overall fairness of the settlement and the amount of attorneys' fees, costs and service awards, as well as to hear from any timely objectors who wish to be heard.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

____/s/____________________
David J. Novak
United States District Judge

Alexandria, Virginia
Date: May 6, 2026