IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WINIFRED MIDKIFF, *et al.*,
*on behalf of themselves and*
*all others similarly situated,*
Plaintiffs,

v. Civil No. 3:22cv417 (DJN)

THE ANTHEM COMPANIES, INC., *et al.*,
Defendants.

---

CHRISTINE LEARING,
*individually and on behalf of*
*all others similarly situated,*
Plaintiffs,

v. Civil No. 3:26cv266 (DJN)

THE ANTHEM COMPANIES, INC., *et al.*,
Defendants.

---

LEAH KNEPPAR,
*individually and on behalf of*
*all others similarly situated,*
Plaintiffs,

v. Civil No. 3:26cv268 (DJN)

THE ELEVANCE HEALTH COMPANIES INC.
f/k/a THE ANTHEM COMPANIES, INC.,
Defendant.

---

and

KATHY LANDIS,
*individually and on behalf of*
*all others similarly situated,*
Plaintiff,

v. Civil No. 3:26cv279 (DJN)

THE ELEVANCE HEALTH COMPANIES, INC.
f/k/a THE ANTHEM COMPANIES, INC.,
Defendant.

**ORDER**
**(Approving Class Action and FLSA Settlement;**
**Awarding Attorneys' Fees, Expenses and Service Awards)**

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Settlement Approval (ECF No. 300 ("Final Approval Motion")) and Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Payments (ECF No. 296 ("Fees Motion") (collectively, the "Motions")). Named Plaintiffs Winifred Midkiff, Ardaith Brown, Christine Learing, Leah Kneppar and Kathy Landis, on behalf of themselves, the FLSA Opt-in Plaintiffs, and the state law settlement classes (collectively, "Plaintiffs"), have entered into a settlement agreement (ECF No. 290-1) with Defendant The Elevance Health Companies, Inc. (f/k/a The Anthem Companies, Inc.) ("Defendant" or "Elevance"), which is subject to review by the Court under Federal Rule of Civil Procedure 23(e) and 29 U.S.C. § 216(b). That agreement provides for Defendant to make a payment of $14,750,000 in settlement of all related claims.

Having reviewed Plaintiffs' Motions along with the settlement agreement and the relevant exhibits, and having conducted a hearing in this matter on August 20, 2026 (the "Final Approval Hearing"), the Court finds substantial and efficient grounds to hereby GRANT Plaintiffs' Motions (ECF Nos. 296, 300) and ORDER the following:

1. The Court finds that the settlement in all respects is fair, reasonable and adequate pursuant to the FLSA and Fed. R. Civ. P. 23(e). The terms of the settlement are incorporated in

this Order. Specifically, the Court finds that final approval is warranted, because the Class Representatives and Class Counsel have adequately represented the class and the proposed settlement was negotiated at arms-length with the assistance of a well-respected mediator, United States Magistrate Judge Mark R. Colombell. The Court further finds that the relief provided is fair and reasonable, taking into account the costs, risks and delay of trial and appeal. The Court also finds that the method of distribution supports final approval, because it takes into account the individual damages of each Settlement Class Member. The Court further finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other.

2. This Court CONFIRMS Rule 23 certification of State Law Settlement Classes as defined in the Settlement Agreement for settlement purposes.

3. The Court APPROVES Class Counsel's request for attorneys' fees of $4,916,666.67 (one third of the common fund) and costs in the amount of $240,000, because they are reasonable, appropriate and consistent with the parties' Settlement Agreement and for the reasons stated during the Final Approval Hearing.

4. The Court APPROVES as reasonable Class Counsel's request for $96,500 in service payments for the seven Named Plaintiffs/Class Representatives (Winifred Midkiff, Ardaith Brown, Christine Learing, Leah Kneppar, Kathy Landis, Leslie Lazaar and Donna Tropeano-Tirino) and for the Opt-in Plaintiffs who participated in discovery by either sitting for a deposition and/or providing written discovery responses. The Named Plaintiffs/Class Representatives shall receive $10,000 each, while the Plaintiffs participating in discovery shall receive $250 each.

5. Other than the claims of Leana Martoncik, who opted out of this settlement, the Court DISMISSES WITH PREJUDICE all known and unknown claims as identified in Settlement Agreement ¶ 7.3.

6. The Court orders compliance with the Settlement Agreement in all respects and reserves jurisdiction over all matters arising out of the settlement or the administration of the settlement in accordance with *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

7. If residual funds remain in the settlement fund following all class member distributions, the parties shall distribute such funds to Feed More, Inc. in Richmond, Virginia.

The Court DIRECTS the Clerk's Office to close all four cases captioned above.

These cases are now CLOSED.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: August 20, 2026